UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| TROY A. PERKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:14-cv-00066-TAB-RLY |
| | ) | |
| CAROLYN W. COLVIN Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON SEPTEMBER 2, 2015, ORAL ARGUMENT**

The parties appeared by counsel on September 2, 2015, for an oral argument on Plaintiff's appeal of his denial of disability benefits. Set forth below is the Court's oral ruling from the bench following that argument. This ruling affirms the decision of the Commissioner and denies the Plaintiff's claim for disability benefits.

On June 6, 2011, Plaintiff Troy Perkins filed a claim for disability benefits alleging a disability onset date of May 16, 2011. Plaintiff's alleged impairments included degenerative disk disorder, a tear in the lower spine, ADHD disorder, dysthemic disorder, depression, reconstructive surgery of the left ankle, suicidal thoughts and tendencies, and some sort of sleep disorder. On March 1, 2013, the Administrative Law Judge found Plaintiff not disabled because he could perform a significant number of light and sedentary level unskilled jobs in the national economy. On June 7, 2014, the Appeals Council denied Plaintiff's request for review and this appeal followed. As framed by the Plaintiff, the issue is whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standard.

By way of background, Plaintiff was forty-five years old on the date of the ALJ's

decision, had a high school education, and completed one year of college. He had past relevant work experience as a maintenance worker and a home remodeler. Although Plaintiff had both physical and mental impairments, as Plaintiff's counsel acknowledged at oral argument, this appeal focuses on the ALJ's evaluation of his mental impairments and the Appeals Council's consideration of the State ALJ's determination that Plaintiff was eligible for Medicaid benefits.

In considering this appeal, I am mindful that the challenged decision must be upheld if supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). On appeal Plaintiff does not assert any disabling limitations due to any physical condition, instead alleging he is unable to work due to mental and emotional problems. The Court likewise limits its focus to these impairments.

A review of the record demonstrates that Plaintiff is mentally capable of performing at least the work contemplated by the ALJ's mental Residual Functional Capacity and that, therefore, the decision is supported by substantial evidence. Applying the standard outlined above, I make the following findings.

First, the ALJ found that records from the mental health clinic at the V.A. Medical Center showed Plaintiff's symptoms from his mental health impairments had improved with psychotropic medications and treatment, and as a result, his mental condition was stable. [Filing No. 7-2, at ECF pp. 20, 58; Filing No. 7-11, at ECF pp. 53, 55-56; Filing No. 7-12, at ECF pp. 18-19, 31.] For example, the ALJ noted that in an April 23, 2012, treatment record, Plaintiff's treating psychiatrist Dr. Turner noted in his reports that symptoms of depression had greatly improved with the initiation of Prozac, and that Plaintiff reported that his "worst fear used to be that I would live another 40 years and now I want to." [Filing No. 7-2, at ECF p. 20; Filing No.

2

7-10, at ECF p. 50.] As the ALJ discussed, these reports reflect Plaintiff's increased energy, better concentration, increased motivation and hope, and that he found enjoyment in each day. Plaintiff had started reading again and was trying to teach himself how to play the violin. The ALJ also noted that Dr. Turner found Plaintiff's mental status upon examination to be within normal limits. Moreover, a December 5, 2012, treatment record relied upon by the ALJ noted Plaintiff's symptoms of depression had stabilized with current medication. And again, Dr. Turner found Plaintiff's mental status upon examination was within normal limits. [Filing No. 7-12, at ECF p. 19.]

Additionally, Plaintiff's own testimony before the ALJ showed that his symptoms from his mental impairments improved significantly and stabilized with prescribed psychotropic medication. As the ALJ noted, Plaintiff testified that his prescribed medication for mood caused a "miracle change." [Filing No. 7-2, at ECF pp. 21, 80.] Plaintiff testified that he did not feel that his depression or mood disorder would keep him from working. [Filing No. 7-2, at ECF pp. 21, 80-81.] Thus, Plaintiff's own testimony shows he was mentally capable of working.

In addition, as the ALJ noted, Plaintiff's activities of daily living were not consistent with Plaintiff's claim of total disability. [Filing No. 7-2, at ECF p. 21.] For example, Plaintiff lived alone and was able to take care of his own needs, prepare simple meals, perform household chores, and mow his lawn. He cared for his cat, drove a car, could go out alone, and shop in stores. He used his computer daily and shopped online. [Filing No. 7-6, at ECF p. 15; Filing No. 7-9, at ECF p. 20.] He could manage his finances and his hobbies included reading, painting, and watching television. Thus, this evidence further supports the ALJ's decision. Moreover, the ALJ found that Plaintiff had not been psychiatrically hospitalized for mental health systems.

To Plaintiff's credit, his work history shows he was engaged in substantial gainful activity for significant and prolonged periods in his life. While this may go to dispel any notion that Plaintiff was a malingerer or trying to somehow game the system, this evidence also has a flip side. Plaintiff testified that he dealt with mental problems his entire life but still did not feel his depression or mood disorder would keep him from doing any kind of work he did previously. [Filing No. 7-2, at ECF pp. 80-81.] Thus, as the ALJ found, Plaintiff's symptoms and functional limitations from his impairments were not as severe as alleged. The ALJ's finding that Plaintiff was mentally capable of working is supported by substantial evidence.

Dr. Mary Ellen Peacock's September 1, 2011, assessment of Plaintiff with a GAF score of 45 to 50 does not alter this conclusion. First, the DSM-5 has eliminated the GAF, and GAF scale scores are no longer considered reliable by the American Psychiatric Association. As Plaintiff's counsel stated during oral argument, GAF scores "are not controlling by any stretch of the imagination." Plaintiff argues, however, that the GAF score should have been considered. For the record, the ALJ expressly considered Dr. Peacock's assessed GAF score and found that it was not consistent with the record evidence. This evidence included Dr. Peacock's own mental status finding upon examining Plaintiff, which showed he was mostly within normal limits. [Filing No. 7-2, at ECF p. 24; Filing No. 7-9, at ECF p. 29.]

Plaintiff also takes the ALJ to task for not giving more weight to his treating psychiatrist Dr. Turner's opinion. However, as the ALJ noted, any findings and opinion of Dr. Turner assessing any more than moderate mental limitations were not well supported by her own clinical records, which show that when Plaintiff was compliant with taking his prescribed psychotropic medications and attending recommended counseling, his mental symptoms improved and his mental impairments became stable. [Filing No. 7-2, at ECF p. 23; Filing No.

4

7-11, at ECF p. 50; Filing No. 7-12, at ECF p. 19.] Furthermore, Dr. Turner's treatment records revealed largely normal clinical findings. [Filing No. 7-11, at ECF pp. 50-51; Filing No. 7-12, at ECF p. 19.] In addition, Dr. Turner relied heavily on Plaintiff's subjective reports of symptoms and limitations. As the ALJ explained, there were good reasons for questioning the reliability of Plaintiff's subjective complaints. [Filing No. 22.]

Instead, the ALJ reasonably found that the record was most consistent with the opinion of Dr. Benetta E. Johnson, the state agency reviewing psychologist. Dr. Johnson found that Plaintiff could understand, remember, carry out, and attend to simple unskilled tasks, relate on at least a superficial basis, and manage light stresses involved in work related tasks. [Filing No. 7-2, at ECF pp. 22, 24; Filing No. 7-9, at ECF p. 35.] The ALJ reasonably found that Dr. Johnson's opinion was consistent with Plaintiff's mental health history, as well as Plaintiff's own testimony that his mental impairments would not prevent him from working. [Filing No. 7-2, at ECF pp. 80-81.] Thus, I find that the ALJ reasonably relied upon Dr. Johnson's opinion as consistent with the record evidence.

Finally, as for the State ALJ's determination that Plaintiff was eligible for Medicaid, I find that remand is not warranted on account of the evidence. The additional evidence does not fill in any evidentiary gap or confirm a diagnosis that the ALJ found did not exist in the record before him. Moreover, the Social Security Administration is not bound by an Indiana State ALJ's decision in a Medicaid case, as Plaintiff rightly acknowledges. 20 CFR § 404.1504. It is true that the Appeals Council's treatment of this evidence is not entirely clear. [Filing No. 7-2, at ECF p. 3.] Even if this somehow did constitute an error, it does not support remand.

The State ALJ clearly specifies that her decision was based upon Indiana's Medicaid disability criteria and a review of that decision reveals not only this statement but also references

to Plaintiff's physical symptoms. For example, on page three of the State ALJ's decision, finding of fact number sixteen makes a reference to Plaintiff's back and joint pain as well as seizures, convulsions, and degenerative disk disease. There is also a reference in finding of fact number eighteen to physical therapy and home exercises that Plaintiff was engaging in or had been prescribed. In addition, on page five of the State ALJ's decision, the State ALJ concludes that Plaintiff has "significant physical and/or mental health limitations that render him unable to perform his duties." Again, as noted, the appeal in this case is limited only to Plaintiff's mental conditions. Therefore, I find that the State ALJ's decision with respect to Medicaid benefits does not warrant remand.

For all these reasons, I find that the ALJ's decision in this case is supported by substantial evidence and affirm the decision of the Commissioner. Plaintiff's brief in support of appeal [Filing No. 17] is denied.

Dated: 9/22/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email